# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
JUN 29 2026
Nathan Ochsner, Clerk of Court

**FREDICK UWAGBAI,**
Plaintiff,

v. Civil Action No. 26 CV 5139

**BETTER TAX RELIEF,**
Defendant.

---

# ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**Plaintiff, [Fredrick Uwagbai] ("Plaintiff"), files this Original Complaint against Defendant Better Tax Relief ("Defendant"), and for cause of action would respectfully show the Court as follows:**

---

# I. INTRODUCTION

1. **This action arises from Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.**
2. **Defendant initiated approximately ninety-three (93) unsolicited telephone calls to Plaintiff's cellular telephones [682-521-2737] and [619-419-6731] between December 27, 2025 and April 17, 2026.**
3. **The calls were placed using an automatic telephone dialing system ("ATDS") and/or artificial or prerecorded voice messages prior to transfer to a live representative.**
4. **Plaintiff repeatedly revoked any purported consent for Defendant to call Plaintiff.**
5. **Despite revocation of consent and Plaintiff's registration on the National Do Not Call Registry, Defendant continued placing telemarketing calls to Plaintiff.**
6. **Defendant's conduct was knowing and willful, entitling Plaintiff to treble damages under the TCPA.**

---

# II. JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227.
8. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred within this District and Plaintiff resides in this District.

---

# III. PARTIES

9. Plaintiff [Fredrick Uwagbai] is a natural person residing in Harris County, Texas.
10. Defendant Better Tax Relief is a business entity conducting business within the State of Texas and throughout the United States.
11. Defendant may be served through its registered agent wherever found.

---

# IV. FACTUAL ALLEGATIONS

12. Plaintiff is the subscriber and customary user of cellular telephone numbers [682-521-2737] and [619-419-6731].
13. Plaintiff's telephone number has been listed on the National Do Not Call Registry for more than thirty-one (31) days prior to Defendant's calls.
14. Beginning on or about December 27, 2025, Defendant began placing unsolicited telemarketing calls to Plaintiff's cellular telephone.
15. Defendant placed approximately ninety-three (93) calls to Plaintiff between December 27, 2025 and April 17, 2026.
16. Many of the calls contained prerecorded or artificial voice messages prior to transfer to a live agent.
17. The nature, frequency, timing, and substantially similar characteristics of the calls indicate the use of an automatic telephone dialing system.
18. The calls were made for telemarketing purposes, including solicitation of tax relief and related financial services.
19. Plaintiff did not provide prior express written consent for Defendant to place telemarketing calls using an ATDS or prerecorded voice.
20. Alternatively, to the extent Defendant claims consent existed, Plaintiff expressly revoked any such consent during communications with Defendant.
21. Despite revocation of consent, Defendant continued to place repeated telemarketing calls to Plaintiff.
22. Plaintiff informed Defendant to stop calling.

23. Defendant failed to maintain reasonable procedures to prevent continued telemarketing calls to Plaintiff.
24. Defendant's repeated calls caused Plaintiff aggravation, annoyance, disruption of daily life, invasion of privacy, and occupation of Plaintiff's cellular telephone line.
25. Defendant's conduct was knowing and/or willful because Defendant continued calling after Plaintiff revoked consent and requested that the calls stop.

---

# V. CAUSES OF ACTION

## COUNT I

### Violations of 47 U.S.C. § 227(b)

### (ATDS and Prerecorded Calls to Cellular Telephone)

26. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.
27. Defendant placed non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or prerecorded or artificial voice.
28. Defendant did so without Plaintiff's prior express written consent.
29. Defendant continued placing calls after Plaintiff revoked consent.
30. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).
31. Defendant's violations were knowing and willful.
32. Plaintiff is entitled to statutory damages of $500.00 per violation and treble damages of up to $1,500.00 per knowing or willful violation pursuant to 47 U.S.C. § 227(b)(3).

---

## COUNT II

### Violations of 47 U.S.C. § 227(c)

### (National Do Not Call Registry Violations)

33. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.
34. Plaintiff's telephone number was registered on the National Do Not Call Registry prior to Defendant's callls.
35. Defendant initiated more than one telephone solicitation within a twelve-month period to Plaintiff's residential and cellular telephone number.
36. Defendant failed to maintain adequate internal do-not-call procedures.
37. Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c).
38. Plaintiff is entitled to statutory damages of $500.00 per violation and up to $1,500.00 per knowing or willful violation.

# VI. DAMAGES

39. Defendant placed approximately ninety-three (93) unlawful calls to Plaintiff.
40. Defendant's violations were knowing and willful.
41. Plaintiff seeks treble statutory damages totaling approximately One Hundred Thirty-Eight Thousand, Five Hundred Dollars ($138,500.00).
42. Plaintiff also seeks all other damages, relief, costs, and remedies available under the TCPA and applicable law.

# VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

a. Award statutory damages under the TCPA;

b. Award treble damages for willful and knowing violations;

c. Award damages in the amount of approximately $138,500.00;

d. Award costs of court;

e. Award injunctive relief prohibiting Defendant from further unlawful calls; and

f. Award all further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**FREDRICK UWAGBAI**
3626 ARBOR TRAILS DR.
HUMBLE, TX 77338
682-521-2737
PROFESSIONAL.FRED@GMAIL.COM

**Plaintiff Pro Se**