United States District Court
Southern District of Texas
**ENTERED**
September 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Fredick Uwagbai, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:26-CV-5139 |
| | § | |
| Better Tax Relief, | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

Plaintiff Fredick Uwagbai moves to reschedule the initial pretrial conference set for October 23, 2026. ECF No. 16.[1] The Court **GRANTS** the motion and cancels the conference. It will be rescheduled if necessary.

Uwagbai also moves for an entry of default against Defendant Better Tax Relief. ECF No. 17. Federal Rule of Civil Procedure 55 governs default proceedings. "This involves sequential steps of default, entry of default, and default judgment." *United States v. $11,409.02 Seized from a Comerica Bank Account Ending in 2113*, No. 4:21-CV-01349, 2021 WL 5177065, at *2 (S.D. Tex. Nov. 8, 2021). "A *default* occurs 'when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules.'" *Id.* (emphasis in original)

[1] The district judge referred all pretrial proceedings under 28 U.S.C. § 636. ECF No. 15.

(quoting *N.Y. Life Ins. Co. v Brown*, 84 F3d 137, 141 (5th Cir 1996)). The Clerk enters an entry of default "when a plaintiff establishes the default by affidavit or otherwise pursuant to Rule 55(a)." *Id.*

Courts "must examine [their] jurisdiction both over the subject matter and the parties, liability, and damages." *Ocean Marine Servs., LLC v. DMW Marine, LLC*, No. 4:25-CV-3086, 2026 WL 587989, at *3 (S.D. Tex. Jan. 8, 2026) (quoting *PHH Mortg. Corp. v. Atkins*, No. 4:24-cv-3111, 2025 WL 1490542, at *2 (S.D. Tex. Apr. 3, 2025), *adopted*, No. 4:24-cv-03111, 2025 WL 1490501 (S.D. Tex. May 23, 2025)), *adopted*, No. CV H-25-3086, 2026 WL 587767 (S.D. Tex. Mar. 2, 2026). "[A] plaintiff must submit evidence that the defendant has been properly served with the summons, complaint, and the default judgment motion." *Id.* at *4 (quoting *PHH Mortg.*, 2025 WL 1490542, at *3). "Without proper service, a court does not have personal jurisdiction over the defendant, and, as a result, any default judgment is void." *Id.* (quoting *PHH Mortg.*, 2025 WL 1490542, at *3).

Rule 4 governs service of process. Under Rule 4(h), companies must be served either "in the manner prescribed by Rule 4(e)(1) for serving an individual" or "by delivering a copy of the summons and . . . complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h)(1). "Under Rule 4(e)(1), a plaintiff may serve a defendant 'following state law for serving a summons in an action brought

in courts of general jurisdiction in the state where the district court is located or where service is made.'" *Caldwell v. CSL Vifor Pharma*, No. 4:24-CV-00991, 2025 WL 2429017, at *2 (S.D. Tex. May 14, 2025) (quoting FED. R. CIV. P. 4(e)(1)).

Here, Better Tax Relief is a limited liability company formed and registered in California. *Calif. Sec'y of State, Business Search: Better Tax Relief LLC*, https://bizfileonline.sos.ca.gov/search/business. Its principal business address is 2525 Main Street, Suite 500, Irvine, CA 92614, and it lists Nima Asadi, Esq., as its registered agent, located at 19200 Von Karman Avenue, Suite 600, Irvine, CA 92612. *Id.* Uwagbai hired a third-party process server named Ronne Johnsen. ECF No. 8. On June 30, 2026, Johnsen went to Asadi's listed address to effect personal service. *Id.* He observed that suite 600 "is known as Premier Workspace," which "rent[s] out individual offices and virtu[al] [office] spaces," and noted that Asadi did not have a physical office, only a virtual one where she "receives mail and documents." *Id.* at 1. As a result, Johnsen handed the service documents to "Ms. Marisol Guillen," an "Office Manager" who accepted service. *Id.*

The issue is that Johnsen's proof of service does not establish proper service. Service was insufficient under federal law because there is no indication that Guillen is an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on Better Tax Relief's behalf. FED. R. CIV. P. 4(h)(1). Indeed, it is unclear whether Guillen even works for Better

Tax Relief or Asadi at all; based on Johnsen's notes, it seems more likely that she works for Premier Workspace. Regardless, the Court doubts that an "office manager" is an "officer" or "managing or general agent" within Rule 4(h)(1)(B)'s meaning. *Williams v. CVS*, No. 1:10-CV-156, 2010 WL 11632868, at *2 (E.D. Tex. Sept. 15, 2010) (collecting cases and noting plaintiff's attempt to serve a CVS store managers was defective).

Service was also deficient under California law.[2] "California law authorizes service of a limited liability company to be made on the company's agent for service of process, certain officers of the company, or an authorized person." *Green Pet Shop Enters., LLC v. Grand Innovations USA, LLC*, No. 221CV06156MCSMAA, 2022 WL 2235474, at *2 (C.D. Cal. Apr. 13, 2022) (citing CAL. CIV. PROC. CODE § 416.40(b)). Nothing in the record, however, demonstrates that Guillen was authorized to accept service for Better Tax Relief.

Accordingly, the Court concludes that Uwagbai failed to properly serve Better Tax Relief and therefore **DENIES** his motion to enter a default. ECF No. 17. The deadline to serve Better Tax Relief is September 27, 2026. ECF No. 1 (complaint filed on June 29, 2026). The Court notes that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice

---

[2] Service is controlled by "the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Here, Uwagbai attempted service in California.

to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).

**IT IS SO ORDERED.**

Signed at Houston, Texas, on September 3, 2026.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**