**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FREDRICK UWAGBAI,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **Civil Action No. 4:26-cv-05139** |
| v. | § | |
| | § | Judge Nicholas J. Ganjei |
| **BETTER TAX RELIEF LLC,** | § | Magistrate Judge Dena Hanovice |
| | § | Palermo |
| Defendant. | § | |
| | § | |

# DEFENDANT BETTER TAX RELIEF LLC'S MOTION TO DISMISS UNDER RULES 12(b)(5) AND 12(b)(6), AND OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT (ECF NO. 24)

# TABLE OF CONTENTS

**I. NATURE AND STAGE OF THE PROCEEDING** ........ 1
**II. STATEMENT OF FACTS** ........ 2
**III. STATEMENT OF THE ISSUES** ........ 4
**IV. STANDARD OF REVIEW** ........ 5
**V. SUMMARY OF THE ARGUMENT** ........ 7
**VI. ARGUMENT** ........ 8
A. The June 30, 2026 attempt has already been held invalid, and Plaintiff may not relitigate it. ........ 8
B. The September 8, 2026 attempt did not effect service. ........ 8
C. The September 13, 2026 first-class mailing was not service. ........ 10
D. Because BTR has not been served, no default may be entered. ........ 12
E. The action should be dismissed without prejudice under Rule 4(m). ........ 13
F. Alternatively, the Complaint fails to state a claim under either count. ........ 14
1. The Complaint pleads no facts showing that BTR made, or is answerable for, any call. ........ 15
2. Count I pleads neither an automatic telephone dialing system nor an artificial or prerecorded voice. ........ 16
3. Count II pleads no facts showing a residential telephone subscriber. ........ 18
4. Plaintiff lacks standing to seek injunctive relief. ........ 19
5. Alternatively, Plaintiff should be ordered to provide a more definite statement. ........ 20
**VII. CONCLUSION AND RELIEF REQUESTED** ........ 20

# TABLE OF AUTHORITIES

## Cases

*Adams v. Mustang Sec. & Investigation Inc.*, No. 4:22-CV-3153, 2023 WL 11841957 (S.D. Tex. Apr. 10, 2023) .......... 13, 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 6, 7

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 6

*Bradford v. Sovereign Pest Control of TX, Inc.*, 167 F.4th 809 (5th Cir. 2026) .......... 18

*Callier v. Cloud City Com. Cap., LLC*, No. EP-25-CV-00408-KC, 2026 WL 2547165 (W.D. Tex. Aug. 10, 2026) .......... 18

*Callier v. Nat'l United Grp., LLC*, No. EP-21-CV-71-DB, 2022 WL 4088205 (W.D. Tex. Sept. 6, 2022) .......... 16

*Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016) .......... 15

*Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344 (5th Cir. 1992) .......... 5

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983) .......... 19

*Crouch v. Reg'l Acceptance Corp.*, No. 3:25-CV-2162-G-BN, 2026 WL 704757 (N.D. Tex. Feb. 11, 2026) .......... 16, 17

*Cunningham v. Daybreak Solar Power, LLC*, No. 4:22-CV-00599-O, 2023 WL 12253851 (N.D. Tex. Jan. 30, 2023) .......... 15

*Cunningham v. Lifestyles Dev., LLC*, No. 4:19-CV-00006-ALM-CAN, 2019 WL 4282039 (E.D. Tex. Aug. 8, 2019) .......... 15

*Cunningham v. Politi*, No. 4:18-CV-00362-ALM-CAN, 2019 WL 2519568 (E.D. Tex. Apr. 30, 2019) .......... 18, 19

*Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) .......... 7

*Espinoza v. Humphries*, 44 F.4th 275 (5th Cir. 2022) .......... 12

*Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021) .......... 16, 17

*Flory v. United States*, 79 F.3d 24 (5th Cir. 1996) .......... 7

*Fyfee v. Bumbo Ltd.*, No. H-09-0301, 2009 WL 2996885 (S.D. Tex. Sept. 16, 2009) .......... 9

*Green Pet Shop Enters., LLC v. Grand Innovations USA, LLC*, No. 2:21-cv-06156, 2022 WL 2235474 (C.D. Cal. Apr. 13, 2022) .......... 9

*Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389 (5th Cir. 2001) .......... 12

*Horton v. Med-Sense Guaranteed Ass'n*, No. 3:20-CV-3470-L-BN, 2021 WL 3832830 (N.D. Tex. Apr. 6, 2021) .......... 17

*Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598-D, 2022 WL 562761 (N.D. Tex. Feb. 24, 2022) .......... 18

*Hunsinger v. Dynata LLC*, No. 3:22-CV-00136-G-BT, 2023 WL 2377481 (N.D. Tex. Feb. 7, 2023) .......... 15, 16

*In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd 6574 (2013) .......... 15

*Lacy v. Sitel Corp.*, 227 F.3d 290 (5th Cir. 2000) .......... 12, 13

*Lisson v. ING GROEP N.V.*, 262 F. App'x 567 (5th Cir. 2007) ....................9
*McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146 (2025)....................19
*Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321 (5th Cir. 2008)....................14
*N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137 (5th Cir. 1996) ....................6
*Ocean Marine Servs., LLC v. DMW Marine, LLC*, No. 4:25-CV-3086, 2026 WL 587989 (S.D. Tex. Jan. 8, 2026), adopted, 2026 WL 587767 (S.D. Tex. Mar. 2, 2026)....................6
*Pavelka v. Pelican Inv. Holdings Grp., LLC*, No. 3:22-CV-0074-B, 2022 WL 3159275 (N.D. Tex. Aug. 8, 2022)....................16
*Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214 (5th Cir. 2012)....................7
*PHH Mortg. Corp. v. Atkins*, No. 4:24-cv-3111, 2025 WL 1490542 (S.D. Tex. Apr. 3, 2025) .....6
*Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933 (5th Cir. 1999)....................6, 11, 12
*Sullivan v. Garza Cnty. Sheriff's Off.*, No. 5:23-CV-049-H-BQ, 2023 WL 9219176 (N.D. Tex. Nov. 3, 2023) ....................7
*Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274 (5th Cir. 1989)..........12, 13
*Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011 (5th Cir. 1990) ....................5, 13
*Thrasher v. City of Amarillo*, 709 F.3d 509 (5th Cir. 2013)....................6, 13
*Traina v. United States*, 911 F.2d 1155 (5th Cir. 1990) ....................13
*Williams v. CVS*, No. 1:10-CV-156, 2010 WL 11632868 (E.D. Tex. Sept. 15, 2010)....................9
*Ybarra v. Dish Network, L.L.C.*, 807 F.3d 635 (5th Cir. 2015) ....................17

## Statutes and Regulations

28 U.S.C. § 1658(a) ....................14
47 U.S.C. § 227.................... passim
47 C.F.R. § 64.1200....................18, 19
Cal. Civ. Proc. Code § 415.20 ....................11
Cal. Civ. Proc. Code § 415.30 ....................11
Cal. Civ. Proc. Code § 415.40 ....................11
Cal. Civ. Proc. Code § 416.40 ....................2, 9

## Rules

Fed. R. Civ. P. 4.................... passim
Fed. R. Civ. P. 12.................... passim
Fed. R. Civ. P. 55....................4, 6, 12
Tex. R. Civ. P. 106....................11
Tex. R. Civ. P. 107....................11
S.D. Tex. Local Rule 7.1....................22
Court Procedures of Judge Nicholas J. Ganjei §§ 15, 16....................14, 22, 23

**Defendant Better Tax Relief LLC** ("*BTR*"), appearing for the limited purpose of contesting service and expressly reserving all defenses under Federal Rule of Civil Procedure 12(b), moves to dismiss this action under Rule 12(b)(5) for insufficient service of process and, on the same grounds, opposes Plaintiff's second Motion for Entry of Default. (ECF No. 24).

In the alternative, should the Court reach the merits, BTR moves under Rule 12(b)(6) to dismiss both counts of the Complaint for failure to state a claim, or under Rule 12(e) for a more definite statement. BTR respectfully shows as follows.

## I. NATURE AND STAGE OF THE PROCEEDING

Plaintiff Fredrick Uwagbai, proceeding pro se, filed this Telephone Consumer Protection Act action on June 29, 2026. (ECF No. 1). Plaintiff has since moved three times for default judgment. (ECF Nos. 12, 17, 24). The Court denied Plaintiff's Motion for Default Judgment because no default had been entered (ECF No. 15 at 1, ¶1) and then denied the first motion for entry of default because the June 30, 2026 attempt at service was invalid under Rule 4(h) and California law (ECF No. 19 at 3-5). In its Order, the Court cautioned Plaintiff that the Rule 4(m) deadline to serve BTR was September 27, 2026. (ECF No. 19 at 4–5).

Plaintiff then filed two new returns of service, one reflecting a purported hand-delivery on September 8, 2026 to an unidentified "Daniel" at an address that does not exist (ECF No. 20, as amended by ECF No. 22), and one reflecting a <u>first-class</u>

mailing on September 13, 2026 of the complaint and a letter, without a summons, to BTR's registered agent. (ECF Nos. 21, 23; Asadi Decl. at ¶ 8). On those two invalid service attempts, he now moves a second time for entry of default. (ECF No. 24). No default has been entered as of the date of this motion. All pretrial matters are referred to Magistrate Judge Palermo. (ECF No. 15).

## II. STATEMENT OF FACTS

BTR is a California limited liability company. Its only office is located at 2525 Main Street, Suite 500, Irvine, California 92614, and its registered agent for service of process is Nima Asadi, Esq., 19200 Von Karman Avenue, Suite 600, Irvine, California 92612. (ECF No. 19 at 3; Asadi Decl. at 1-2, ¶¶ 2–4).

*Plaintiff's June 30, 2026 service attempt.* Plaintiff's process server, Ronne Johnsen, went to the registered agent's address, found that Suite 600 is "Premier Workspace," a provider of rented and virtual offices, and left the papers with Premier Workspace's office manager, Marisol Guillen. (ECF No. 8; ECF No. 19 at 3). The Court held that this did not affect service: Ms. Guillen is not an officer, managing or general agent, or agent authorized by appointment or law to receive process for BTR under Rule 4(h)(1)(B), and nothing showed she was authorized to accept service under California Code of Civil Procedure section 416.40(b). (ECF No. 19 at 3–4). Ms. Guillen is not, and never has been, employed by or authorized by BTR or Mr. Asadi. (Asadi Decl. at 2, ¶ 4).

*Plaintiff's September 8, 2026 service attempt.* A second process server, Joanna Turner, avers that on Tuesday, September 8, 2026 *at approximately 8:34 p.m.* she "personally served Daniel at the legal department of Better Tax Relief located at **2625** Main St Suite 400, Irvine, CA 92614," and that "Daniel was legally allowed to accept papers for Better Tax Relief." (ECF No. 20 at 1). The affidavit gives no last name for "Daniel", no title for him, and no description of the documents delivered; it attaches a Google search printout for Better Tax Relief. (ECF No. 20 at 1, 4). There is no 2625 Main Street in Irvine. (Asadi Decl. at 2, ¶ 5). BTR's office at 2525 Main Street, Suite 500 is open from 9:00 a.m. to 5:00 p.m. and was closed at 8:34 p.m.; BTR has no "legal department" at any other address; no person named "Daniel" is an officer, manager, managing agent, or authorized agent for service of BTR; and no BTR officer, managing agent, or authorized person received any papers on or about September 8, 2026. (Asadi Decl. at 2-3, ¶¶ 6–7).

*Plaintiff's September 13, 2026 service attempt.* Mr. Johnsen declares that on September 13, 2026, he "mailed (1st Class)" to Mr. Asadi, as agent for service, the "Original Complaint and 2 Page letter from Fredrick Uwagbai," a total of six pages. (ECF No. 21 at 1; ECF No. 23 at 1). The mailing did not include a summons. *Id.* BTR's registered agent never received that mailing. (Asadi Decl. at 4, ¶ 10). The only mailing BTR received arrived by ordinary first-class mail at its 2525 Main Street office on or about September 10, 2026—three days before the mailing Mr.

Johnsen describes—and consisted of eighteen pages: the Court's docket sheet and notice of case filing, the magistrate-consent notice and Plaintiff's signed consent (ECF Nos. 4–5), the Complaint, Plaintiff's motion for expedited discovery and proposed order (ECF No. 2), a two-page demand letter dated June 30, 2026, and National Do Not Call Registry printouts. It contained no summons. (Asadi Decl. at 2, ¶ 8 & Ex. A-1). No notice and acknowledgment of receipt was enclosed or returned. (Asadi Decl. at 2-3, ¶ 9).

Plaintiff's second Motion for Entry of Default relies on all three attempts and asserts that BTR's deadline to answer expired on October 5, 2026. (ECF No. 24 ¶¶ 3–5, ECF Nos. 16–18).

## III. STATEMENT OF THE ISSUES

1. Whether Plaintiff has carried his burden of showing that BTR was served in a manner authorized by Rule 4(h), when (a) the June 30, 2026 attempt has already been held invalid, (b) the September 8, 2026 attempt was directed to a nonexistent address and an unidentified individual with no showing of authority, and (c) the September 13, 2026 attempt was a first-class mailing of the complaint without a summons.

2. Whether, absent valid service, the Clerk may enter BTR's default under Rule 55(a).

3. Whether dismissal without prejudice is warranted under Rules 12(b)(5) and 4(m) because the 90-day service period expired on September 27, 2026, after the Court expressly warned Plaintiff of the deadline and explained the requirements for valid service.

4. Alternatively, whether Counts I and II state a claim under Rule 12(b)(6), where the Complaint pleads no facts (1) identifying who placed any call, (2) supporting the use of an automatic telephone dialing system or an artificial or prerecorded voice, and (3) showing that the two cellular numbers are residential lines.

## IV. STANDARD OF REVIEW

When service of process is challenged, the party on whose behalf service was made bears the burden of establishing its validity, and the rules governing service are construed strictly. *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990); *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). A corporation or limited liability company is served either by delivering the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or in a manner permitted by the law of the state where the court sits or where service is made. Fed. R. Civ. P. 4(h)(1)(A)–(B), 4(e)(1). "A summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). "Until the plaintiff

serves the defendant, the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999). Without proper service, the Court lacks personal jurisdiction over the defendant, and a default entered on invalid service is void. *Carimi*, 959 F.2d at 1345; *Ocean Marine Servs., LLC v. DMW Marine, LLC*, No. 4:25-CV-3086, 2026 WL 587989, at *7 *(S.D. Tex. Jan. 8, 2026) (report and recommendation) (quoting PHH Mortg. Corp. v. Atkins,* No. 4:24-cv-3111, 2025 WL 1490542, at *3 (S.D. Tex. Apr. 3, 2025)), *adopted*, 2026 WL 587767 (S.D. Tex. Mar. 2, 2026); (ECF No. 19 at 2). Default proceeds in sequence—default, entry of default under Rule 55(a), and default judgment—and the first step occurs only when a defendant fails to respond within the time the Rules require. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). If a defendant is not served within 90 days after the complaint is filed, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time," extending the time only on a showing of good cause; absent good cause, an extension remains discretionary. Fed. R. Civ. P. 4(m); *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

To survive a Rule 12(b)(6) motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se pleadings are "to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but liberal construction does not supply facts a plaintiff has not pleaded, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When a motion joins Rule 12(b)(5) and Rule 12(b)(6) grounds, the Court resolves service first, because personal jurisdiction is a threshold ground for denying audience to a case on the merits. *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012); *Sullivan v. Garza Cnty. Sheriff's Off.*, No. 5:23-CV-049-H-BQ, 2023 WL 9219176 at *4 (N.D. Tex. Nov. 3, 2023). Joining the merits ground in the same motion does not waive the service defense. Fed. R. Civ. P. 12(g)(2), (h)(1); *Flory v. United States*, 79 F.3d 24, 25 (5th Cir. 1996).

## V. SUMMARY OF THE ARGUMENT

Plaintiff has not served BTR. The Court has already held his first attempt invalid, and his two later attempts are worse: one swears to delivery on an unidentified "Daniel" at an address that does not exist, and the other is an ordinary first-class mailing of a complaint with no summons, which is not service under federal, Texas, or California law. Because there has been no service, BTR's time to respond has never begun to run and no default may be entered. And because the Rule 4(m) deadline passed after the Court told Plaintiff exactly what valid service

required, the action should be dismissed without prejudice. If the Court instead reaches the merits, the Complaint fails on its face: it attributes ninety-three unidentified calls to "Defendant" without a single fact showing that BTR placed or is responsible for any of them, restates the statutory elements of an autodialer and a prerecorded voice without facts, and labels two cellular numbers "residential" without saying how they are used.

## VI. ARGUMENT

### A. The June 30, 2026 attempt has already been held invalid, and Plaintiff may not relitigate it.

Plaintiff's motion again recites the June 30 delivery to Ms. Guillen as valid service. ECF No. 24 ¶¶ 3, 16–17. The Court has already decided that it was not. ECF No. 19 at 3–4. Nothing has changed: Ms. Guillen worked for the virtual-office provider, not for BTR or its registered agent, and no evidence shows that she was authorized to accept process for either. Asadi Decl. ¶ 4. That ruling is the law of the case, and it disposes of the first of the three attempts on which the motion rests.

### B. The September 8, 2026 attempt did not effect service.

The Turner affidavit fails for the same reason the Johnsen return failed, and for several more. *First*, Rule 4(h)(1)(B) requires delivery to an officer, a managing or general agent, or an agent authorized by appointment or by law. The affidavit identifies the recipient only as “Daniel,” with no surname, no title, and no basis for

the server's conclusion that he was "legally allowed to accept papers." A process server's say-so is not evidence of authority: the Fifth Circuit follows the strict view that merely identifying the recipience as an authorized agent is not sufficient to establish actual authorization as authorization stems from the principal, not the purported agent, *Lisson v. ING GROEP N.V.*, 262 F. App'x 567, 569 (5th Cir. 2007), and that a managing or general agent is one "responsible for any substantial aspect of the corporation's operations," *Fyfee v. Bumbo Ltd.*, No. H-09-0301, 2009 WL 2996885, at **3 (S.D. Tex. Sept. 16, 2009).* See also *Williams v. CVS, No. 1:10-CV-156, 2010 WL 11632868, at* *2 (E.D. Tex. Sept. 15, 2010) (service on store manager quashed); (ECF No. 19 at 4). California law is no broader: service on a limited liability company is made on its designated agent, on a manager or officer, or on "a person authorized by the limited liability company to receive service of process." Cal. Civ. Proc. Code § 416.40(b); *Green Pet Shop Enters., LLC v. Grand Innovations USA, LLC*, No. 2:21-cv-06156, 2022 WL 2235474, at *2 (C.D. Cal. Apr. 13, 2022). The record contains no evidence that any "Daniel" holds any of those positions, and BTR's registered agent attests that none does. (Asadi Decl. at 2-3, ¶ 6).

*Second*, the service was directed to an address that does not exist. BTR's office is at 2525 Main Street, Suite 500. The affidavit swears to delivery at "2625 Main St Suite 400." (ECF No. 20 at 1). There is no 2625 Main Street in Irvine, and BTR has never occupied Suite 400 of any building. (Asadi Decl. at 1-2, ¶¶ 2, 5). The

server's own exhibit—a Google search for "2525 main irvine better tax relief"—shows she knew the correct address and did not swear to serving there. (ECF No. 20 at 4).

*Third*, the affidavit does not say the documents that were served. Rule 4(c)(1) requires service of the summons together with a copy of the complaint, and Rule 4(I)(1) generally requires proof of service by the server's affidavits. See Fed. R. Civ. P. 4(c)(1), (I)(1). The affidavit refers only to "papers." (ECF No. 20 at 1). A return that does not identify the process served cannot establish service.

*Fourth*, the circumstances—service on an unnamed individual at 8:34 p.m., three and a half hours after BTR's office closed, at a nonexistent address—cannot satisfy Plaintiff's burden under rules construed strictly. *See Carimi*, 959 F.2d at 1346.

**C. The September 13, 2026 first-class mailing was not service.**

Plaintiff's third attempt was, by his own return, a first-class mailing to BTR's registered agent of the complaint and a two-page letter— "[t]otal of 6 pages" —with no summons. (ECF No. 21 at 1; ECF No. 23 at 1). The only mailing BTR actually received, on or about September 10, likewise came by ordinary first-class mail and contained no summons. (Asadi Decl. at 3-4, ¶¶ 8, 10 & Ex. A-1). Neither is service under any applicable rule.

Rule 4(h)(1)(B) requires "delivering" the summons and complaint; mailing is not delivery. Rule 4(e)(1) permits service under the law of Texas or California, but neither state authorizes Plaintiff's purported service. Texas permits service by mail through "registered or certified mail, return receipt requested," Tex. R. Civ. P. 106(a)(2), and requires that the return of service to contain the return receipt with the addressee's signature, Tex. R. Civ. P. 107(c). California permits service by mail only with a notice and acknowledgment of receipt that the defendant signs and returns, Cal. Civ. Proc. Code § 415.30(c), or, for a person outside the state, by mail requiring a return receipt, *id.* § 415.40. Plaintiff used ordinary first-class mail, requested no acknowledgment, and obtained no receipt. (Asadi Decl. at 3, ¶ 9). Substituted service under section 415.20(a) is unavailable as well: it requires leaving the papers at the office with a person apparently in charge *and* a follow-up mailing; a bare mailing satisfies neither element.

Independently, the mailing omitted the summons. "A summons must be served with a copy of the complaint," Fed. R. Civ. P. 4(c)(1), and until a defendant is served it "has no duty to answer the complaint." *Rogers*, 167 F.3d at 937. A complaint mailed <u>without a summons</u> therefore does not start the defendant's time to respond. Plaintiff's calculation of an October 5, 2026 answer deadline—twenty-one days from a mailing that contained no summons—therefore has no basis. (ECF No. 24 at 1, ¶ 5).

### D. Because BTR has not been served, no default may be entered.

A default under Rule 55(a) presupposes that the defendant "has failed to plead or otherwise defend" within the time the Rules require—and that time runs only from valid service. Fed. R. Civ. P. 12(a)(1)(A)(i); *N.Y. Life*, 84 F.3d at 141. A default entered without valid service is void for want of personal jurisdiction, not merely voidable. *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001); *Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022). The Court has already applied that principle once in this case. (ECF No. 19 at 2, 4). Plaintiff's second motion for entry of default rests on the same invalid June 30, 2026 attempt and on two further attempts that are, if anything, more deficient. It should be denied.

Even if the Clerk had entered default, it would have to be set aside under Rule 55(c). A default entered without service is void, and every good-cause factor favors BTR: BTR has not willfully refused to respond; Plaintiff cannot show cognizable prejudice in a case less than four months old with no scheduling order; and BTR has substantial merits defenses, including the absence of facts tying any call to BTR, supporting use of an automatic telephone dialing system, or showing that the 619 and 682 numbers are residential lines entitled to National Do-Not-Call protection. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000); *Rogers*, 167 F.3d at 936 (default judgments are "a drastic remedy, not favored by the Federal Rules" (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir.

1989))). BTR raises these defenses solely to show their existence and reserves them in full.

**E. The action should be dismissed without prejudice under Rule 4(m).**

Rule 4(m) required Plaintiff to serve BTR by September 27, 2026. On September 3, 2026, the Court ordered Plaintiff to meet that deadline, explained why his first attempt failed, and identified BTR's registered agent by name and address. (ECF No. 19 at 3–5). Plaintiff then had twenty-four days to deliver the summons and complaint personally to Mr. Asadi or send them by certified mail with return receipt. He did neither. Instead, he sent an unregistered server to a nonexistent address at night and mailed the complaint without a summons by ordinary mail.

Rule 4(m) requires dismissal without prejudice or an order setting a service deadline, and an extension is mandatory only for good cause. Good cause requires "at least as much as would be required to show excusable neglect"; pro se status, ignorance of the rules, or inadvertence is insufficient. *Thrasher*, 709 F.3d at 511–12 (affirming dismissal of a pro se plaintiff's claims); *see also Sys. Signs Supplies*, 903 F.2d at 1013. The Fifth Circuit has affirmed dismissal where a pro se plaintiff "twice attempted service," was "alerted to the deficiencies," and failed to cure them. *Traina v. United States*, 911 F.2d 1155, 1157 (5th Cir. 1990). This Court likewise recommended dismissal where a pro se plaintiff repeatedly attempted defective service after the court explained the defect and extended the deadline. *Adams v.*

*Mustang Sec. & Investigation Inc.*, No. 4:22-CV-3153, 2023 WL 11841957 at *1 (S.D. Tex. Apr. 10, 2023) (report and recommendation). Plaintiff cannot show good cause because the Court had explained the requirements, yet his September attempts still disregarded them.

The Court retains discretion to extend the service period even absent good cause, *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008), but that discretion is reserved for cases in which a without-prejudice dismissal would operate as a dismissal with prejudice. *Id.* That concern is absent here: the four-year limitations period on Plaintiff's claims, 28 U.S.C. § 1658(a), will not expire until December 2029 at the earliest, so a dismissal without prejudice costs him nothing but the obligation to serve properly. BTR therefore asks that the action be dismissed without prejudice. In the alternative, if the Court elects to permit one further attempt, BTR asks that the Court quash the three returns of service (ECF Nos. 8, 9, 20, 21, 22, 23), set a short, firm deadline for service in strict compliance with Rule 4(h), and provide that BTR's time to respond will run from the date valid service is completed.

**F. Alternatively, the Complaint fails to state a claim under either count.**

Should the Court reach the merits, both counts should be dismissed under Rule 12(b)(6). BTR identified these deficiencies to Plaintiff before filing, as Section 15(b) of Judge Ganjei's Court Procedures requires. *See* Certificate of Conference.

### 1. The Complaint pleads no facts showing that BTR made, or is answerable for, any call.

Both counts require BTR to have "initiated" the calls. 47 U.S.C. § 227(b)(1)(A) ("make any call"); § 227(c)(5) (calls "by or on behalf of the same entity"); § 227(a)(4). A seller "is not directly liable" unless it initiates a call by "tak[ing] the steps necessary to physically place" it. *In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd 6574, 6582 ¶ 24, 6583 ¶ 26 (2013). Otherwise, liability exists only "under federal common-law principles of agency." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 168 (2016); *Cunningham v. Daybreak Solar Power, LLC*, No. 4:22-CV-00599-O, 2023 WL 12253851 at *5 (N.D. Tex. Jan. 30, 2023) (dismissing where neither direct nor vicarious liability was pleaded). The Complaint alleges only that "Defendant initiated" and "Defendant placed" approximately ninety-three calls. (ECF No. 1 at 1–3, ¶¶ 2, 14–15, 27). It identifies no caller-identification number, call date or time, caller name, statement identifying BTR, or transfer to BTR. Nor does it plead any contract, instruction, script, calling list, or control connecting BTR to the caller. "[B]road, general allegations are not sufficient"; a plaintiff must plead "a factual predicate that gives rise to an inference of an agency relationship." *Cunningham v. Lifestyles Dev., LLC*, No. 4:19-CV-00006-ALM-CAN, 2019 WL 4282039 at *4 (E.D. Tex. Aug. 8, 2019) (report and recommendation); *Hunsinger v. Dynata LLC*, No. 3:22-CV-00136-G-BT, 2023 WL

2377481 at *6 (N.D. Tex. Feb. 7, 2023) (report and recommendation) (allegations that caller "is an agent" and is compensated by defendant are "formulaic recitations of an agency relationship"). Courts in this Circuit require TCPA plaintiffs to describe the calls and connect the defendant to specific calls. *Pavelka v. Pelican Inv. Holdings Grp., LLC*, No. 3:22-CV-0074-B, 2022 WL 3159275 at *8 (N.D. Tex. Aug. 8, 2022); *Callier v. Nat'l United Grp., LLC*, No. EP-21-CV-71-DB, 2022 WL 4088205 at *3 (W.D. Tex. Sept. 6, 2022). Labeling ninety-three unidentified calls as made by "Defendant" is conclusory and does not plausibly allege that BTR made them.

**2. Count I pleads neither an automatic telephone dialing system nor an artificial or prerecorded voice.**

An automatic telephone dialing system is equipment that uses "a random or sequential number generator" to store or produce the numbers called. *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021); 47 U.S.C. § 227(a)(1). The Complaint alleges that "[t]he nature, frequency, timing, and substantially similar characteristics of the calls indicate the use of an automatic telephone dialing system." (ECF No. 1 at 1, ¶ 17.) That is the element restated. Since *Duguid*, courts require "facts that could show that the defendant's device used a random or sequential number generator." *Crouch v. Reg'l Acceptance Corp.,* No. 3:25-CV-2162-G-BN, 2026 WL 704757, at *5 (N.D. Tex. Feb. 11, 2026), report and recommendation adopted, No. 3:25-CV-2162-G-BN (N.D. Tex. Mar. 12, 2026). The Complaint pleads nothing about random or

sequential number generation, and its own theory—that the calls were targeted to Plaintiff and continued after he spoke to agents, *id*. ¶¶ 20–22—describes directed calling to a known number, which is the opposite of what *Duguid* requires.

Liability for an artificial or prerecorded voice requires that "a defendant must make a call and an artificial or prerecorded voice must actually play." *Ybarra v. Dish Network, L.L.C.*, 807 F.3d 635, 640–41 (5th Cir. 2015). The Complaint's only support is the clause that "[m]any of the calls contained prerecorded or artificial voice messages prior to transfer to a live agent." (ECF No. 1at 2, ¶ 16). It does not say the contents of the message, how Plaintiff knew it was a recording, how many of the ninety-three calls involved a recording, or the dates of the purported recordings. Courts in this Circuit dismiss prerecorded-voice claims pleaded without facts showing that a recording actually spoke. *Crouch*, 2026 WL 704757, at *5; compare *Horton v. Med-Sense Guaranteed Ass'n,* No. 3:20-CV-3470-L-BN, 2021 WL 3832830, at *5 (N.D. Tex. Apr. 6, 2021) (report and recommendation) (sufficient where plaintiff pleaded that he "pressed 2 to talk to a person"). Plaintiff pleads no prompt, no pause, no identical message, no robotic quality—nothing but the conclusory statement. The Complaint's consent allegations do not help it: Plaintiff pleads only that he gave no "prior express *written* consent," (ECF No. 1 at 2, ¶ 19), while pleading in the alternative that consent may have "existed," (*id.* At 2, ¶ 20). In this Circuit, prior express consent under § 227(b)(1)(A), oral or written,

suffices. *Bradford v. Sovereign Pest Control of TX, Inc.*, 167 F.4th 809, 813 (5th Cir. 2026). Count I should be dismissed.

**3. Count II pleads no facts showing a residential telephone subscriber.**

Section 227(c)(5) protects "residential telephone subscriber[s]." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). The courts in this Circuit that allow such claims for cellular numbers require the plaintiff to plead facts showing residential use. *Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598-D, 2022 WL 562761, at *3 (N.D. Tex. Feb. 24, 2022) (cell phone may qualify "so long as a plaintiff pleads that the cellular telephone is used for residential purposes"); C*allier v. Cloud City Com. Cap., LLC,* No. EP-25-CV-00408-KC, 2026 WL 2547165, at *3 (W.D. Tex. Aug. 10, 2026) (report and recommendation) (plaintiff "must plead facts showing the cell phone is used for residential purposes"; sufficient where plaintiff pleaded no landline, personal and family use, number in his own name, and bills paid personally). The Complaint pleads that Plaintiff is the "subscriber and customary user" of two cellular numbers, one with a Texas area code and one with a San Diego, California area code, and labels them "residential and cellular." (ECF No. 1 at 2-3, ¶¶ 12, 35). It fails to plead how either number is used, whether either is a business line, or why a Harris County resident maintains a California number. The label is the allegation the cases reject. *See Cunningham v. Politi*, No. 4:18-CV-

00362-ALM-CAN, 2019 WL 2519568, at *4–5 (E.D. Tex. Apr. 30, 2019) (dismissing § 227(c) claim where plaintiff alleged only that the numbers were "cellular phones" and pleaded no residential-use facts). Nor may Plaintiff rest on the FCC's administrative presumption that registered wireless numbers are residential; after *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.,* 606 U.S. 146, 152 (2025), this Court interprets the statute independently, and the statute protects residential subscribers. To the extent Count II also invokes BTR's internal do-not-call procedures, (ECF No. 1 at 2-3, ¶¶ 23, 36–37), it is silent on any facts discussing any request by Plaintiff to be placed on an internal list, when, to whom, or BTR's procedures and so states no claim under 47 C.F.R. § 64.1200(d) either. See *Politi*, 2019 WL 2519568, at *5 (dismissing internal do-not-call theory where no company-specific do-not-call request was alleged).

**4. Plaintiff lacks standing to seek injunctive relief.**

Plaintiff seeks an injunction "prohibiting Defendant from further unlawful calls." (ECF No. 1 at 4, Prayer ¶ e). But he alleges the calls ended on April 17, 2026, more than two months before he filed the Complaint. (*Id.* at 1–2, ¶¶ 2, 15). Past exposure to unlawful conduct does not confer standing to seek prospective relief without a real and immediate threat of repetition. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102–03 (1983). The request should be dismissed.

### 5. Alternatively, Plaintiff should be ordered to provide a more definite statement.

If any part of either count survives, BTR requests an order under Rule 12(e) requiring Plaintiff to state:

(i) The date, time, and caller-identification number of each call he attributes to BTR;

(ii) The facts on which he contends BTR, rather than a third party, placed each call, and if a third party, the agency theory and facts supporting it;

(iii) For each call he contends used an artificial or prerecorded voice, what the message said and how he identified it as a recording; and

(iv) The facts concerning the use of each of the two numbers.

A pleading that attributes ninety-three unidentified calls to "Defendant" is "so vague or ambiguous that the party cannot reasonably prepare a response," Fed. R. Civ. P. 12(e), because BTR cannot admit or deny calls it cannot identify.

## VII. CONCLUSION AND RELIEF REQUESTED

BTR respectfully requests that the Court (1) deny Plaintiff's Motion for Entry of Default (ECF No. 24); (2) quash Plaintiff's purported service on June 30, September 8, and September 13, 2026; (3) dismiss this action without prejudice under Rules 12(b)(5) and 4(m) or, alternatively, order Plaintiff to effect valid service within a specified time, with BTR's responsive-pleading deadline to run from

completion of valid service; (4) in the alternative, dismiss Counts I and II under Rule 12(b)(6) and dismiss the request for injunctive relief, or order a more definite statement under Rule 12(e); and (5) grant BTR such other relief as is just.

Dated: October 14, 2026

Respectfully submitted,


/s/ Mario Iskander
**MARIO ISKANDER**
Cal. State Bar No. 327025
(Pro Hac Vice Application Pending)
**ISKANDER LAW**
**1111 N Brand Blvd., Ste. 308**
**Glendale, CA 91202**
Tel.: (240) 439-1970
Email: mario@iskanderlaw.com

AMANDA K. SMITH
Texas State Bar No.
SDT Bar No. 1024224
SMITH BARNES, PLLC
1337 W 43rd Street, Ste. B #2509
Houston, Texas 77018
Telephone (832) 723-8446
Email: amanda@smithbarneslaw.com
Email: service@smithbarneslaw.com
**ATTORNEY FOR DEFENDANT**
**BETTER TAX RELIEF LLC**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 7.1(D), Sections 15(a) and 15(b) of the Court Procedures of Judge Ganjei, and Section VII.1 of the Court Procedures of Magistrate Judge Palermo, the undersigned certifies that he conferred by telephone with Plaintiff Fredrick Uwagbai, who is proceeding pro se, at 682-521-2737, twice on October 12, 2026. In the first call, at approximately 3:30 p.m. Central Time, the undersigned advised Plaintiff that Defendant would move to dismiss based on improper service and to avoid this motion asked whether Plaintiff would be willing to withdraw his Motion for Entry of Default (ECF No. 24), agree that prior attempts at service be quashed; and that counsel for Defendant would then accept service of the summons and complaint by email-- with Defendant's time to respond running from the date of the email.

Plaintiff refused to withdraw his motion for default or enter into any such agreement.

In the second call, at approximately 4:00 p.m. Central Time, an attorney associated by Iskander Law, Michael Meyer, Esq., called plaintiff and conducted a second conference with Plaintiff concerning the alternative motion to dismiss under Rule 12(b)(6). Mr. Meyer explained the pleading deficiencies described in Part VI.F above and asked whether Plaintiff would agree to amend the Complaint and avoid a motion to dismiss. Once again, Defendant's counsel agreed to accept service of the amended complaint by email in lieu of formal service.

Plaintiff again stated that he would not amend his complaint and would not re-serve.

The substance of both conferences was confirmed to Plaintiff by email the same day. An agreement could not be reached on any of the relief requested, and the motion is opposed.

/s/ Mario Iskander
Mario Iskander

## CERTIFICATE OF WORD COUNT

Pursuant to Section 16(c) of the Court Procedures of Judge Ganjei, the undersigned certifies that this document contains 4,994 words, exclusive of the caption, signature block, and certificates, as counted by the word-processing software used to prepare it.

Amanda K. Smith

Amanda K. Smith

## CERTIFICATE OF SERVICE

I certify that on October 13, 2026, a true and correct copy of the foregoing

**DEFENDANT BETTER TAX RELIEF LLC'S MOTION TO DISMISS UNDER RULES 12(b)(5) AND 12(b)(6), AND OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT (ECF NO. 24)**

together with its exhibit and proposed order, was filed electronically with the Clerk of Court using the CM/ECF system, and that, because Plaintiff is not a registered CM/ECF user, a true and correct copy was served on Plaintiff Fredrick Uwagbai, pro se, by first-class United States mail, postage prepaid, addressed to 3626 Arbor Trails Drive, Humble, Texas 77338, and by electronic mail to professional.fred@gmail.com. See LR5.3; Fed. R. Civ. P. 5(b)(2)(C), (E).

/s/ Mario Iskander
Mario Iskander