# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FREDRICK UWAGBAI,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **Civil Action No. 4:26-cv-05139** |
| v. | § | |
| | § | Judge Nicholas J. Ganjei |
| **BETTER TAX RELIEF LLC,** | § | Magistrate Judge Dena Hanovice |
| | § | Palermo |
| Defendant. | § | |
| | § | |

**DECLARATION OF NIMA ASADI IN SUPPORT OF DEFENDANT BETTER TAX RELIEF LLC'S MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS AND OPPOSITION TO MOTION FOR ENTRY OF DEFAULT**

I, Nima Asadi, declare as follows:

1. I am an attorney licensed to practice in the State of California and the General Counsel of Defendant Better Tax Relief LLC ("BTR"). I am also BTR's registered agent for service of process, as reflected in BTR's filings with the California Secretary of State. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. BTR is a California limited liability company. Its principal and only office is located at 2525 Main Street, Suite 500, Irvine, California 92614. BTR has



**EXHIBIT A**

never maintained an office at any other address on Main Street in Irvine, and has never occupied Suite 400 of any building.

3. My address as BTR's registered agent for service of process is 19200 Von Karman Avenue, Suite 600, Irvine, California 92612. Suite 600 is operated by Premier Workspace, a provider of rented offices, virtual offices, and mail-handling services. I maintain a virtual office there at which mail and deliveries addressed to me are received by Premier Workspace staff and forwarded to me.

4. Premier Workspace's staff are not employed by BTR or by me. I have not appointed any Premier Workspace employee, including Marisol Guillen, to accept service of process on behalf of BTR, and BTR has not authorized any Premier Workspace employee to do so. I did not receive any papers from Ms. Guillen or Premier Workspace on or about June 30, 2026. The only papers relating to this action that I have received by any means are described in paragraph 8 below.

5. To my knowledge there is no "2625 Main Street" in Irvine, California. BTR has no office, department, or personnel at any such address.

6. BTR's office at 2525 Main Street, Suite 500 is open from 9:00 a.m. to 5:00 p.m. and is closed in the evening. I do not know of any person named "Daniel" who is an officer, manager, or managing agent of BTR, or who has been authorized by BTR to accept service of process on its behalf, and BTR has not authorized any

such person. BTR does not have a "legal department" at any Main Street address other than the office described above.

7. No officer, manager, managing agent, or person authorized by BTR to accept service of process received a summons and complaint in this action on or about September 8, 2026, and I have located no record of any such delivery at BTR's office.

8. On or about September 10, 2026, an envelope addressed to BTR arrived by ordinary United States mail at BTR's office at 2525 Main Street, Suite 500, and was given to me. The envelope was not retained. It contained eighteen pages, a true and correct copy of which is attached as **Exhibit A-1:** a copy of the Court's docket sheet and notice of case filing; the Notice Regarding Consent to Jurisdiction of a Magistrate Judge and Plaintiff's signed consent form; the Original Complaint; Plaintiff's Motion for Expedited Discovery and proposed order; a two-page letter from Fredrick Uwagbai dated June 30, 2026, addressed to BTR at my Von Karman Avenue address; and printouts relating to the National Do Not Call Registry. The envelope did not contain a summons.

9. The mailing was sent by ordinary first-class mail. It was not sent by registered or certified mail, no one at BTR was asked to sign a receipt for it, and no return receipt was signed. No notice and acknowledgment of receipt of summons was enclosed, and I have not executed or returned any such acknowledgment.

10. I have not received any mailing from "A.P.S." or Aplus Process Service, and I have not received any mailing in this action sent on or after September 13, 2026. Apart from the mailing described in paragraph 8, neither I nor, to my knowledge, BTR has received a summons, a complaint, or any other paper in this action by any means.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746. Executed on October 12, 2026, at Irvine, California.

/s/ Nima Asadi
Nima Asadi



**EXHIBIT A**

DHP

# U.S. District Court
# SOUTHERN DISTRICT OF TEXAS (Houston)
# CIVIL DOCKET FOR CASE #: 4:26-cv-05139
## Internal Use Only

Uwagbai v. Better Tax Relief
Assigned to: Judge Ewing Werlein, Jr
Cause: 47:227 Restrictions of Use of Telephone Equipment

Date Filed: 06/29/2026
Jury Demand: Plaintiff
Nature of Suit: 485 Telephone Consumer Protection Act (TCPA)
Jurisdiction: Federal Question

**Plaintiff**

**Fredick Uwagbai**

represented by **Fredick Uwagbai**
3626 Arbor Trails Drive
Humble, TX 77338
682-521-2737
Email: Professional.Fred@gmail.com
PRO SE

V.

**Defendant**

**Better Tax Relief**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/29/2026 | 1 | COMPLAINT against Better Tax Relief filed by Fredick Uwagbai. (Attachments: # 1 Civil Cover Sheet) (abh4) (Entered: 06/29/2026) |
| 06/29/2026 | 2 | MOTION for Expedited Discovery by Fredick Uwagbai, filed. Motion Docket Date 7/20/2026. (Attachments: # 1 Proposed Order) (abh4) (Entered: 06/29/2026) |
| 06/29/2026 | | Referral Judge Selected: Magistrate Judge Dena Hanovice Palermo randomly selected to receive referrals. The selected Magistrate Judge is not assigned to this case until a District Judge refers the case or a motion or the parties consent to jurisdiction of the Magistrate Judge. Once a referral has been made, the name of the referral judge will appear at the top of the docket sheet. (abh4) (Entered: 06/29/2026) |
| 06/29/2026 | 3 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 10/23/2026 at 04:00 PM in Room 11521 before Judge Ewing Werlein, Jr. (Signed by Judge Ewing Werlein, Jr) Parties notified. (abh4) (Entered: 06/29/2026) |
| 06/29/2026 | 4 | NOTICE to Pro Se Litigant of Case Opening, with Notice Regarding Consent to Jurisdiction of a Magistrate Judge. Party notified, filed. (abh4) (Entered: 06/29/2026) |
| 06/29/2026 | 5 | CONSENT to Proceed Before a Magistrate Judge by Fredick Uwagbai, filed. (abh4) (Entered: 06/29/2026) |

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Fredick Uwagbai | § | |
| | § | |
| *versus* | § | Case Number: 4:26–cv–05139 |
| | § | |
| Better Tax Relief | § | |

# NOTICE REGARDING CONSENT TO JURISDICTION OF A MAGISTRATE JUDGE

This Notice is to remind Parties of their right to consent to the jurisdiction of a Magistrate Judge to preside over all proceedings, including trials, and enter a final judgment in the same manner as a District Judge. Consent to the jurisdiction of Magistrate Judges improves the efficiency of the courts. The Judges of this Court encourage parties to consent to the jurisdiction of Magistrate Judges pursuant to 28 U.S.C. § 636(c).

Upon all parties' consent, the case will be transferred to the Magistrate Judge assigned to this case who will assume all the duties and powers of the District Judge, including the power to preside over jury trials and enter final judgment.

All parties are free to consent or withhold consent to Magistrate Judge jurisdiction without any adverse consequences.

Absent the parties' mutual consent to Magistrate Judge jurisdiction, District Judges may still refer any or all pretrial matters to Magistrate Judges pursuant to 28 U.S.C. § 636(b).

If all parties choose to consent, please execute the attached Consent form, and file it with the Clerk of Court. If all parties do not consent, no further action is necessary.

Date: June 29, 2026

Nathan Ochsner, Clerk

**EXHIBIT A-1**

Case 4:26-cv-05139 Document 4 Filed 06/29/26 in TXSD Page 3 of 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUN 29 2026

Nathan Ochsner, Clerk of Court

FREDRICK UWAGBAI, §
§
Plaintiff(s), §
§
v. § Civil Action No. 4:26-cv-05139
§
BETTER TAX RELIEF, §
§
Defendant(s). §

**CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

All parties to this case waive their right to proceed before a United States District Judge and consent to have a United States Magistrate Judge preside over all further proceedings, including the trial and entry of final judgment pursuant to 28 U.S.C. § 636(c).

[signature] ______________________

______________________ ______________________

______________________ ______________________

**ORDER OF TRANSFER TO MAGISTRATE JUDGE**

This case is transferred to United States Magistrate Judge

______________________

to conduct all further proceedings, including final judgment.

______________________ ______________________
Date United States District Judge

**EXHIBIT A-1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**NOTICE OF CASE FILING**

Date Case filed: **June 29, 2026**

Style of Case: **Fredick Uwagbai**
**v.**
**Better Tax Relief**

Case number: **4:26–cv–05139**

District Judge assigned: **Judge Ewing Werlein, Jr.**

Nature of Claim: **Other NOS 485**

*Please write or type the civil action number on the front of all letters and documents. Address all mail to:*

**United States District Clerk's Office**
**P.O. Box 61010**
**Houston, TX 77208–1010**

*The case will be handled in the ordinary course of the Court's work. Writing to the Court to ask about your case will only SLOW the process.*

Date: June 29, 2026

Nathan Ochsner, Clerk
By: A. House , Deputy Clerk

**EXHIBIT A-1**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

**FREDICK UWAGBAI,**
Plaintiff,

v. Civil Action No. __________

**BETTER TAX RELIEF,**
Defendant.

---

# ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, [Fredrick Uwagbai] ("Plaintiff"), files this Original Complaint against Defendant Better Tax Relief ("Defendant"), and for cause of action would respectfully show the Court as follows:

---

# I. INTRODUCTION

1. This action arises from Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.
2. Defendant initiated approximately ninety-three (93) unsolicited telephone calls to Plaintiff's cellular telephones [682-521-2737] and [619-419-6731] between December 27, 2025 and April 17, 2026.
3. The calls were placed using an automatic telephone dialing system ("ATDS") and/or artificial or prerecorded voice messages prior to transfer to a live representative.
4. Plaintiff repeatedly revoked any purported consent for Defendant to call Plaintiff.
5. Despite revocation of consent and Plaintiff's registration on the National Do Not Call Registry, Defendant continued placing telemarketing calls to Plaintiff.
6. Defendant's conduct was knowing and willful, entitling Plaintiff to treble damages under the TCPA.

---

**EXHIBIT A-1**

# II. JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227.
8. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to these claims occurred within this District and Plaintiff resides in this District.

---

# III. PARTIES

9. Plaintiff [Fredrick Uwagbai] is a natural person residing in Harris County, Texas.
10. Defendant Better Tax Relief is a business entity conducting business within the State of Texas and throughout the United States.
11. Defendant may be served through its registered agent wherever found.

---

# IV. FACTUAL ALLEGATIONS

12. Plaintiff is the subscriber and customary user of cellular telephone numbers [682-521-2737] and [619-419-6731].
13. Plaintiff's telephone number has been listed on the National Do Not Call Registry for more than thirty-one (31) days prior to Defendant's calls.
14. Beginning on or about December 27, 2025, Defendant began placing unsolicited telemarketing calls to Plaintiff's cellular telephone.
15. Defendant placed approximately ninety-three (93) calls to Plaintiff between December 27, 2025 and April 17, 2026.
16. Many of the calls contained prerecorded or artificial voice messages prior to transfer to a live agent.
17. The nature, frequency, timing, and substantially similar characteristics of the calls indicate the use of an automatic telephone dialing system.
18. The calls were made for telemarketing purposes, including solicitation of tax relief and related financial services.
19. Plaintiff did not provide prior express written consent for Defendant to place telemarketing calls using an ATDS or prerecorded voice.
20. Alternatively, to the extent Defendant claims consent existed, Plaintiff expressly revoked any such consent during communications with Defendant.
21. Despite revocation of consent, Defendant continued to place repeated telemarketing calls to Plaintiff.
22. Plaintiff informed Defendant to stop calling.

**EXHIBIT A-1**

23. Defendant failed to maintain reasonable procedures to prevent continued telemarketing calls to Plaintiff.
24. Defendant's repeated calls caused Plaintiff aggravation, annoyance, disruption of daily life, invasion of privacy, and occupation of Plaintiff's cellular telephone line.
25. Defendant's conduct was knowing and/or willful because Defendant continued calling after Plaintiff revoked consent and requested that the calls stop.

---

# V. CAUSES OF ACTION

## COUNT I

**Violations of 47 U.S.C. § 227(b)**

**(ATDS and Prerecorded Calls to Cellular Telephone)**

26. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.
27. Defendant placed non-emergency calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or prerecorded or artificial voice.
28. Defendant did so without Plaintiff's prior express written consent.
29. Defendant continued placing calls after Plaintiff revoked consent.
30. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).
31. Defendant's violations were knowing and willful.
32. Plaintiff is entitled to statutory damages of $500.00 per violation and treble damages of up to $1,500.00 per knowing or willful violation pursuant to 47 U.S.C. § 227(b)(3).

---

## COUNT II

**Violations of 47 U.S.C. § 227(c)**

**(National Do Not Call Registry Violations)**

33. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.
34. Plaintiff's telephone number was registered on the National Do Not Call Registry prior to Defendant's calls.
35. Defendant initiated more than one telephone solicitation within a twelve-month period to Plaintiff's residential and cellular telephone number.
36. Defendant failed to maintain adequate internal do-not-call procedures.
37. Defendant violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c).
38. Plaintiff is entitled to statutory damages of $500.00 per violation and up to $1,500.00 per knowing or willful violation.

# VI. DAMAGES

39. Defendant placed approximately ninety-three (93) unlawful calls to Plaintiff.
40. Defendant's violations were knowing and willful.
41. Plaintiff seeks treble statutory damages totaling approximately One Hundred Thirty-Eight Thousand, Five Hundred Dollars ($138,500.00).
42. Plaintiff also seeks all other damages, relief, costs, and remedies available under the TCPA and applicable law.

# VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

a. Award statutory damages under the TCPA;

b. Award treble damages for willful and knowing violations;

c. Award damages in the amount of approximately $138,500.00;

d. Award costs of court;

e. Award injunctive relief prohibiting Defendant from further unlawful calls; and

f. Award all further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**FREDRICK UWAGBAI**
3626 ARBOR TRAILS DR.
HUMBLE, TX 77338
682-521-2737
PROFESSIONAL.FRED@GMAIL.COM

**Plaintiff Pro Se**

**EXHIBIT A-1**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

## HOUSTON DIVISION

**FREDRICK UWAGBAI,**
Plaintiff,

v. Civil Action No. __________

**BETTER TAX RELIEF,**
Defendant.

# PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, FREDRICK UWAGBAI, files this Motion for Expedited Discovery and respectfully states as follows:

---

# I. INTRODUCTION

Plaintiff brings this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, arising from approximately ninety-three (93) unsolicited telemarketing calls made to Plaintiff's cellular telephone between December 27, 2025 and April 17, 2026.

Plaintiff seeks limited expedited discovery to identify the entities responsible for placing the calls, preserve relevant evidence, and prevent the destruction or deletion of electronically stored information and call-related records.

Good cause exists for expedited discovery because the requested information is narrowly tailored and necessary to preserve evidence central to Plaintiff's claims.

---

**EXHIBIT A-1**

# II. GOOD CAUSE FOR EXPEDITED DISCOVERY

Courts within the Fifth Circuit permit expedited discovery upon a showing of good cause.

Good cause exists here because:

1. Defendant and/or its agents used telemarketing systems, call vendors, autodialing platforms, prerecorded voice technology, and telecommunications carriers whose records may be routinely deleted, overwritten, or lost through ordinary business operations;
2. Plaintiff seeks to identify all third-party call vendors, dialing platform providers, lead generators, and telecommunications carriers involved in placing the calls at issue;
3. Plaintiff seeks preservation and production of auto-dialer logs, prerecorded voice recordings, call detail records, SIP logs, carrier routing information, and related electronically stored information;
4. Plaintiff seeks discovery regarding the corporate relationships between Defendant and any affiliated entities, vendors, contractors, marketers, or agents involved in the telemarketing campaign;
5. There is substantial risk that relevant evidence may be destroyed, deleted, altered, or rendered unavailable absent immediate preservation efforts;
6. The requested discovery is narrowly tailored to identifying responsible parties and preserving evidence directly relevant to Plaintiff's TCPA claims; and
7. Expedited discovery will promote judicial efficiency and facilitate proper identification of all liable parties.

---

# III. REQUESTED EXPEDITED DISCOVERY

Plaintiff respectfully requests leave to immediately serve limited discovery requests, including requests for production, interrogatories, subpoenas, and preservation demands concerning:

a. Identification of all call vendors, telemarketing contractors, lead generators, and third-party dialing entities involved in calls made to Plaintiff;

b. Preservation and production of auto-dialer logs, dialing records, prerecorded voice files, call recordings, and call detail records relating to Plaintiff's telephone number;

c. Identification of telecommunications carriers, VoIP providers, SIP trunk providers, and routing intermediaries used to place the calls;

d. Documents sufficient to identify all parent companies, subsidiaries, affiliated entities, contractors, and corporate relationships connected to the telemarketing activity at issue; and

e. Preservation of all electronically stored information and documents relating to Plaintiff's telephone number and the calls alleged in the Complaint.

---

# IV. PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Grant Plaintiff's Motion for Expedited Discovery;

b. Authorize Plaintiff to immediately serve limited discovery requests and subpoenas related to the identification and preservation of evidence;

c. Order Defendant to preserve all relevant electronically stored information and records relating to the calls at issue; and

d. Grant such other and further relief to which Plaintiff may be justly entitled.

---

Respectfully submitted,

**FREDRICK UWAGBAI**
3626 ARBOR TRAILS DR.
HUMBLE, TX 77338
682-521-2737
PROFESSIONAL.FRED@GMAIL.COM

**Plaintiff Pro Se**

**EXHIBIT A-1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**FREDRICK UWAGBAI,**
Plaintiff,

v. Civil Action No. __________

**BETTER TAX RELIEF,**
Defendant.

**PROPOSED ORDER ON PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

The Court has considered Plaintiff's Motion for Expedited Discovery. After considering the Motion and the applicable law, the Court orders as follows:

☐ **GRANTED**

Plaintiff's Motion for Expedited Discovery is GRANTED. Plaintiff may immediately serve the limited discovery requests and subpoenas described in the Motion for the purpose of identifying responsible parties, preserving relevant evidence, and obtaining information necessary to prosecute this action.

OR

☐ **DENIED**

Plaintiff's Motion for Expedited Discovery is DENIED.

IT IS SO ORDERED.

SIGNED this _____ day of _________________, 2026.

_______________________________________

UNITED STATES DISTRICT JUDGE

**EXHIBIT A-1**

6-30-2026
Better Tax Relief
19200 VON KARMAN AVE STE 600 IRVINE, CA 92619
Attn: Better Tax Relief

Delivered via (USPS certified mail)
Re: Violations of the Telephone Consumer Protection Act (TCPA)

Dear (Better Tax Relief);
I'm contacting you today regarding communications to my phone that are in violation of the TCPA. Each of these unwelcome and unwanted communications were made without my express, prior, written consent, as required by law. The illegal communications came to my phone number, (682-521-2737), as follows:
1. 02/12/2026, 1:23pm CST, from number, 434-321-0470
And 92 other times from over 25 different phone numbers using an Automated Telephone Dialing System [ATDS]
47 U.S.C. §227(c) makes two or more communications within a 12-month period made to residential telephone lines listed on the National Do Not Call Registry a violation as well. As you can see from the attached confirmation, my number was lawfully entered on the National Do Not Call Registry on (682-521-2737) and 619-419-6731.

The TCPA also provides for a private right of action, with each violation entitling me to a $500 penalty, which can be increased to $1,500 per violation, in the event such a violation is deemed to have been willfully or knowingly made. Reasonable court costs for bringing a private right of action against your company are also recoverable in the event of a successful action for those violations.

In the absence of the federally required, express, prior, written consent, or any qualifying, "existing business relationship", you have violated the TCPA as indicated above, thus affording me the right to pursue the statutory penalties described above, as well as the reasonable court costs.

Based on the number of communications detailed above, the statutory penalties to which I would be entitled total **($138,000)**. However, in the interest of helping you avoid the imposition and expense of civil litigation, I would like to afford you an opportunity to settle this matter for the amount of **($100,000)**. In exchange for that amount, I will forgo any civil action, release your company of all claims associated with the illegal communications named herein, and consider the matter closed.

Inasmuch as I'm confident that the facts of this case would not support any manner of tenable defense for your company, I would urge you to carefully consider accepting this generous, good faith offer to settle. Should you decline it, or fail to respond within **5 days** from its time-tracked delivery, please know that I reserve the right to pursue civil action as described herein, in state or federal court, and will seek all available injunctive and monetary relief made available to me under applicable federal statute, up to and including a potential class certification. You should fully expect a lengthy and detailed discovery process to accompany that suit. Additionally, I

**EXHIBIT A-1**

would insist that you give me every assurance that the offending communications that are the subject of this matter be the *very last* that I receive. I would also encourage you to take the necessary steps to ensure compliance with state and federal statutes moving forward, not only as a matter of protection from civil liability, but also as a courtesy to the millions of American consumers who are consistently plagued with these types of unwanted, illegal communications.

I look very forward to your response, within **5 days** of your receipt of this notice, as directed above. I would ask that all further communication be in writing, if only as a means by which the content of such communication will be memorialized.

Respectfully,

Fredrick Uwagbai
3626 Arbor Trails Dr. Humble Tx 77338
Professional.fred@gmail.com

**EXHIBIT A-1**

FEDERAL TRADE COMMISSION
PROTECTING AMERICA'S CONSUMERS

Back to ftc.

Resources | Privacy Act Statement | Home

# National Do Not Call Registry

En Español

## Registration Complete

You have registered the following telephone number in the National Do Not Call Registry:

(682) 521-2737

You may print this page if you wish to retain a copy for your records.

Back to ftc.gov | Privacy Policy

EXHIBIT A-1

Gmail Fredrick Uwagbai <professional.fred@gmail.com>

# National Do Not Call Registry - Your Registration Is Confirmed

1 message

**Verify@donotcall.gov** <Verify@donotcall.gov> Tue, Apr 21, 2026 at 12:38 PM
To: professional.fred@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 2737 on November 25, 2010. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

************************************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

**EXHIBIT A-1**

FEDERAL TRADE COMMISSION
PROTECTING AMERICA'S CONSUMERS

Back to ftc.

Resources | Privacy Act Statement | Home

# National Do Not Call Registry

En Español

## Registration Complete

You have registered the following telephone number in the National Do Not Call Registry:

(619) 419-6731

You may print this page if you wish to retain a copy for your records.

Back to ftc.gov | Privacy Policy

**EXHIBIT A-1**

Gmail Fredrick Uwagbai <thoroest@gmail.com>

# National Do Not Call Registry - Your Registration Is Confirmed

1 message

**Verify@donotcall.gov** <Verify@donotcall.gov> Tue, Apr 21, 2026 at 12:40 PM
To: thoroest@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 6731 on April 09, 2024. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov to register another number or file a complaint against someone violating the Registry.

************************************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

**EXHIBIT A-1**