**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FREDRICK UWAGBAI,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **Civil Action No. 4:26-cv-05139** |
| v. | § | |
| | § | Judge Nicholas J. Ganjei |
| **BETTER TAX RELIEF LLC,** | § | Magistrate Judge Dena Hanovice |
| | § | Palermo |
| Defendant. | § | |
| | § | |

**Defendant Better Tax Relief LLC's Opposition to Plaintiff's Motion for Extension of Time and Authorization of Substituted Service**

Defendant Better Tax Relief LLC's (hereinafter "Defendant" or "BTR") requests that this Court grant its Motion to Dismiss (Doc. No. 29*)* and deny Plaintiff's Motion for Default Judgment (R. Doc. No. 25) for the reasons outlined in its Opposition to Plaintiff's Motion for Entry of Default Judgment and Motion to Dismiss (R. Doc. No. 29), BTR files this Opposition to Plaintiff's Motion for Extension of Time and Authorization of Substituted Service again requesting that the Court dismiss Plaintiff's claim pursuant to Rule 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure as Plaintiff, by his own admission in filing his request for extension of time and authorization of substitution of service, failed to properly serve BTR so no default judgment should be granted. Additionally, by his own admission

Case 4:26-cv-05139 Document 31 Filed 11/04/26 in TXSD Page 2 of 11

in filing his Motion for Extension of Time and Authorization of Substituted Service, Plaintiff failed to timely serve BTR as required by this Court's Order on September 3, 2026, so Plaintiff's claim should be dismissed. Lastly, BTR requests that this Court deny Plaintiff's Motion for Extension and Request for Authorization of Substituted Service on the California Secretary of State as Plaintiff failed to show he exercised reasonable diligence as required by the California Corporations Code.

## I. Procedural Background and Plaintiff's Failed Service Attempts

Plaintiff filed this action against BTR on June 29, 2026. (R Doc. No. 1). Since filing this lawsuit, Plaintiff continues to waste the court's resources by filing three different Motions for Entry of Default Judgment against BTR without properly perfecting service on BTR before filing any of his motions, a required predicate before an entry of default can be made. (R. Doc. Nos. 12, 17, and 24). Despite this Court's Order specifically providing Plaintiff with (1) the reasons that Plaintiff's initial service was invalid upon BTR; (2) reference to Fed. R. Civ. P. 4(h)(1) advising Plaintiff of the individuals who could accept service upon a company like BTR; (3) BTR's principal place of business and registered agent's address; (4) the proper method to serve BTR under California law; (5) September 27, 2026 deadline for Plaintiff to properly serve BTR; and (6) necessary documents that must be served to perfect proper service under Fed. R. Civ. P. 4(h), Plaintiff failed to timely serve BTR. *See* Table 1 below summarizing Plaintiff's failed attempts to perfect service on BTR.

| Date of Alleged Service | Method of Alleged Service | Alleged Service By: | Alleged Service On: | BTR's Position on Service | Reference |
|---|---|---|---|---|---|
| 06/30/26 @10:20 a.m. | Personal service to Nima Asada, Registered Agent of Better Tax Relief | Ronne Johnsen, Aptus Process Service | Delivered to Marisol Guillen, Office Manager | Improper Service as Registered Agent not Served | Doc. Nos. 8-9 |
| 09/08/26 @ 8:34 p.m. | Personal service to Daniel at the Legal Department of BTR | Joanna Turner | Delivered to "Daniel", allegedly in BTR's Legal Dept. | Improper Service as Not Registered Agent or Officer of Company allowed to accept service; Improper Address, & No employee named Daniel at that address | Doc. Nos. 20 |
| 09/13/26 | U.S. Mail to Nima Asada, Registered Agent | Ronne Johnsen, Aptus Process Service | Mailed 6 pages (4 page Complaint & 2 page letter) to Nima Asada | Improper Service as failed to provide summons with Complaint but improper service | Doc. No. 21 at 1 & Doc. No. 1. |

Now, Plaintiff seems to admit that he wasted the Court's time and resources with his failed attempts and Motions for Entry of Default Judgment by again improperly and untimely requesting that the Court allow him to serve BTR through substituted service without following the applicable rules for doing so. (R. Doc. No. 27).

## II. The Court should Dismiss this Claim as Plaintiff failed to Demonstrate Good Cause for Failing to Timely Serve Defendant.

If a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m) (2026).

Plaintiff's motion relies on the existence of multiple attempts without specifically explaining how he addressed the Court's identified defects. (R. Doc. No. 27 at p. 32, ¶ 5). Essentially, this Court instructed Plaintiff on how to properly effect service upon BTR when it denied Plaintiff's Motion for Entry of Default Judgment. (R. Doc. No. 19 at p. 3-4). In fact, this Court provided Plaintiff with BTR's principal business address and address for BTR's registered agent in the same Order, something that Plaintiff should have known by performing his own due diligence. (R. Doc. No. 19 at p. 3). Also, this Court clearly identified individuals who may accept service on behalf of limited liability companies like BTR. (R. Doc. No. 19 at p. 4). Yet, Plaintiff seemed to ignore the Court's order by either failing to instruct the

process server on individuals who may accept service on behalf of BTR or failing to provide the required documents when serving BTR's registered agent at his address for service graciously provided by the Court.

In *System Signs Supplies v. U.S. Department of Justice*, 903 F.2d 1011 (5th Cir. 1990), the Fifth Circuit affirmed dismissal without prejudice where the plaintiff had notice of defective service before the deadline but failed to correct it. Like this matter, the plaintiff in *Systems Signs Supplies* was pro se and argued that he established good cause as he made multiple attempts to serve the defendant, and that the defendant had actual notice of the complaint. The Court in *System Signs Supplies* noted that to establish good cause, a litigant must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (emphasis omitted). Additionally, the plaintiff must make a showing of good faith and establish "'some reasonable basis for noncompliance within the time specified.'" *Id*. (quoting 4A C. Wright & A. Miller, Federal Practice and Procedure Sec. 1165, at 480 (2d ed. 1987)). Pro se status does not excuse a litigant's complete failure to effect service. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988). Despite the *pro se* status of plaintiff in *System Signs Supplies*, and the assertions that he attempted multiple times to effect service without success and that the defendant had actual notice of the

complaint, the Fifth Circuit affirmed the district court's dismissal without prejudice. *Systems Signs Supplies v. U.S. Dept. of Justice*, Washington, D.C., 903 F.2d 1011, 1013 (5th Cir. 1990).

Plaintiff's assertions that he exercised good faith seem to mirror the plaintiff's arguments in *Systems Signs Supplies*. However, this Court generously took the time to guide Plaintiff on the exact locations, individuals, documents to include and method in its Order denying Plaintiff's Motion for Entry of Default, the second motion filed by Plaintiff attempting to obtain an order of default against BTR who had not yet been served. (R. Doc. Nos. 12, 17 & 19).

Plaintiff relies on attempts on June 30, September 8, and September 13. His motion does not describe intervening efforts in comparable detail—such as repeated efforts to locate the registered agent personally, attempts at different times, or investigation of alternative authorized recipients. (R. Doc. No. 27, p. 3 ¶¶ 17-23). Plaintiff offers no explanation for his failure to ensure compliance with this Court's instructions in its Order on how to properly serve BTR, where that service should be made, and to whom it should be directed other than he only knew that the attempts on September 8, 2026 and September 13, 2026 were not proper until Defendant's October 14, 2026 filing. Again, Plaintiff's pro se status does not excuse improper service. *Kersh*, 851 F.2d at 1512 (5th Cir.1988).

Lastly, Plaintiff's assertion that the practical difficulties of BTR's virtual-office arrangement created practical difficulties warranting another opportunity are without merit. (R. Doc. No. 27 at p. 2 ¶¶ 10-15). Plaintiff was aware as early as July 2, 2026 that Mr. Asada used a virtual office as identified in the alleged Proof of Service filed that he filed with the Court. (R. Doc. No. 8). He even asked the Court to consider that affidavit and attempt when ruling on this motion. However, he failed to identify other efforts he made to determine other possible ways to effect service until his recent motion requesting substituted service or an extension to serve BTR.

**III. Plaintiff failed to Establish all Required Prerequisites for Substituted Service of BTR through the California Secretary of State so his Request for Substituted Service should be Denied.**

Clearly, Plaintiff is aware of the requirements to serve a California corporation through the California Secretary of State as he identifies them in his own motion requesting that relief. (R. Doc. No. 27 at p. 27-28 ¶¶ 27-31). However, he fails to comply with those requirements. Plaintiff must establish the following before a court permits service upon a limited liability company through the California Secretary of State:

> if the designated agent cannot with reasonable diligence be found at the address designated for personal delivery of the process, and it is shown by affidavit to the satisfaction of the court that process against a limited liability company or foreign limited liability company cannot be served

> with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20, or subdivision (a) of Section 415.30 of the Code of Civil Procedure, the court may make an order that the service shall be made upon a domestic limited liability company . . .
>
> Ca. Corp. Code § 17701.16(c) (2026).

The Court should deny Plaintiff's request for substituted service because he has not met the threshold requirement of exercising reasonable diligence to serve BTR's registered agent. As discussed above, the Court identified the registered agent and the address for service, specified the required documents, and explained the method of service. (R. Doc. No. 19). Plaintiff nevertheless failed to follow those instructions. According to his own return, Plaintiff's third attempt consisted of mailing the complaint and a two-page letter to BTR's registered agent by first-class mail—a "[t]otal of 6 pages"—without a summons. (R. Doc. No. 21 at 1; R. Doc. No. 23 at 1). The only mailing BTR actually received, on or about September 10, also arrived by ordinary first-class mail without a summons. (R. Doc. No. 29-1 at 3-4, ¶¶ 8, 10 & Ex. A-1). Neither mailing constitutes service under any applicable rule.

Rule 4(h)(1)(B) requires "delivering" the summons and complaint; "mailing not delivery." Fed. R. Civ. P. 4(h)(1) (2026). Rule 4(e)(1) permits service under the law of Texas or California. Fed. R. Civ. P. 4(e)(1) (2026). Texas permits service by

mail through “registered or certified mail, return receipt requested,” Tex. R. Civ. P. 106(a)(2), and requires that the return of service to contain the return receipt with the addressee’s signature, Tex. R. Civ. P. 107(c). California permits service by mail only with a notice and acknowledgment of receipt that the defendant signs and returns, Cal. Civ. Proc. Code § 415.30(c), or, for a person outside the state, by mail requiring a return receipt, *id.* § 415.40. Substituted service under section 415.20(a) is unavailable as well: it requires leaving the papers at the office with a person apparently in charge *and* a follow-up mailing; a bare mailing satisfies neither element. Cal. Civ. Proc. Code § 415.30(c) (2026). Plaintiff failed to show any evidence why he could not attempt any of these forms of service upon BTR’s registered agent. Instead, he jumps right to requesting substituted service. Lastly, Plaintiff’s request for substituted service fails on its face as he fails to provide an affidavit identifying his alleged lack of reasonable diligence. This is telling as he either (1) is unable to attest under penalty of perjury that he exercised due diligence as he does not believe he has; or (2) failed to exercise any diligence when determining whether substitute service is proper.

## IV. Conclusion and Relief Requested

BTR respectfully requests that the Court (1) deny Plaintiff’s Motion for Extension to Perfect Service upon BTR and dismiss Plaintiff’s claim against BTR;

Case 4:26-cv-05139 Document 32-1 Filed 11/05/26 in TXSD Page 10 of 13

(2) deny Plaintiff's Motion for Substituted Service through the California Secretary of State; and (3) grant BTR such other relief as just.

Dated: November 4, 2026

Respectfully submitted,

____________________________

AMANDA K. SMITH
Texas State Bar No.
Southern Dt. TX Bar No. 1024224
SMITH BARNES, PLLC
1337 W 43rd Street, Ste. B #2509
Houston, Texas 77018
Telephone (832) 723-8446
Email: amanda@smithbarneslaw.com
Email: service@smithbarneslaw.com
**ATTORNEY FOR DEFENDANT BETTER TAX RELIEF LLC**

## CERTIFICATE OF WORD COUNT

Pursuant to Section 16(c) of the Court Procedures of Judge Ganjei, the undersigned certifies that this document contains 2,066 words, exclusive of the caption, signature block, and certificates, as counted by the word-processing software used to prepare it.

Amanda K. Smith

Case 4:25-cv-05139 Document 31 Filed 11/05/26 in TXSD Page 11 of 11

## CERTIFICATE OF SERVICE

I certify that on November 4, 2026, a true and correct copy of the foregoing **DEFENDANT BETTER TAX RELIEF LLC'S OPPOSITION TO PLAINTIFF’S MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE AND OPPOSITION TO PLAINTIFF’S REQUEST FOR SUBSTITUTED SERVICE** together with its proposed order, was filed electronically with the Clerk of Court using the CM/ECF system, and that, because Plaintiff is not a registered CM/ECF user, a true and correct copy was served on Plaintiff Fredrick Uwagbai, pro se, by first-class United States mail, postage prepaid, addressed to 3626 Arbor Trails Drive, Humble, Texas 77338, and by electronic mail to professional.fred@gmail.com. *See* LR5.3; Fed. R. Civ. P. 5(b)(2)(C), (E).

Amanda K. Smith

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **FREDRICK UWAGBAI,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | **Civil Action No. 4:26-cv-05139** |
| v. | § | |
| | § | Judge Nicholas J. Ganjei |
| **BETTER TAX RELIEF LLC,** | § | Magistrate Judge Dena Hanovice |
| | § | Palermo |
| Defendant. | § | |
| | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE AND FOR AUTHORIZATION OF SUBSTITUTED SERVICE THROUGH THE CALIFORNIA SECRETARY OF STATE**

Before the Court is Plaintiff Fredrick Uwagbai's Motion for Extension of Time to Effect Service and for Authorization of Substituted Service Through the California Secretary of State (ECF No. 27). Having considered the motion, Defendant Better Tax Relief LLC's opposition, the record, and the applicable law, the Court concludes that the motion should be denied.

It is ORDERED that Plaintiff's motion (ECF No. 27) is DENIED in its entirety, including the requests for an extension of time, authorization of substituted service through the California Secretary of State, and alternative relief requested therein.

It is ORDERED that Plaintiff's motion (ECF No. 27) is DENIED in its entirety and Plaintiff's claim against Better Tax Relief LLC are DISMISSED WITH PREJUDICE.

SIGNED at Houston, Texas, on ______________________.

______________________________
NICHOLAS J. GANJEI
UNITED STATES DISTRICT JUDGE